UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE M. GUSTAVSON, | ) | Case No. 1:26-cv-870 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| STEVE PATTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On April 14, 2026, Plaintiff Darlene M. Gustavson filed suit in federal court claiming a violation of her federal constitutional rights.  Her complaint itself contains very little information but alleges that Steve Patton, the prosecutor for the municipal court in Chardon, Ohio, caused her emotional distress, for which she seeks $90,000 in damages.  (ECF No. 1, PageID #4.)

## BACKGROUND

Attached to the complaint are various papers from the municipal court.  They show that, on January 1, 2026, the police stopped Ms. Gustavson.  (ECF No. 1-3, PageID #13.)  Because she was driving without a license and registration, the police towed her car.  (*Id.*)  Later, she purports to have sold her car, apparently to avoid license and registration fees.  (*Id.*, PageID #10.)  It appears that a warrant issued for her arrest, and Ms. Gustavson spent two days in jail.  (*Id.*, PageID #12.)

In subsequent proceedings in the municipal court, Ms. Gustavson moved to dismiss the case against her for lack of jurisdiction.  (*Id.*)  In doing so, she based her

motion entirely on sovereign citizen ideology.  For example, she argues that the municipal court lacks jurisdiction "because I am not a CORPORATE FICTION, and don't drive for a commercial business." (*Id.*, PageID #10.)  Previously, in a letter to the prosecutor dated February 6, 2026, Ms. Gustavson represents that she surrendered her Ohio driver's license in November 2024, preferring only to travel with her passport and "reserve[ing] my rights not to be compelled into any government contract." (*Id.*, PageID #13.)  In that letter, she claimed a constitutional right to "travel freely in [our] personal automobile. . . . All traffic infractions must go through the Department of Transportation (Federal)[.]  DMV/BMV has no authority on Traffic Violations." (*Id.*)  In her federal lawsuit, Ms. Gustavson continues to invoke sovereign citizen ideology.  She says that, when she met with the prosecutor in municipal court, she did so "in special appearance" and repeats that "I'm not a corporate fiction." (ECF No. 1, PageID #4.)

## ANALYSIS

As a threshold matter, Plaintiff seeks to proceed *in forma pauperis.* (ECF No. 2.)  The Court **GRANTS** that application.  A court must screen the complaint of a litigant it permits to proceed *in forma pauperis.*  The Court "shall dismiss the case" if it (i) "is frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Actions by non-prisoners must be screened. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

2

Courts construe *pro se* pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis where the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff need not include detailed factual allegations but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true

a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Based on its review of the complaint, including the papers referenced in it, the Court concludes that Section 1915 requires dismissal of this action for three reasons.

## I.    Prosecutorial Immunity

*First*, the complaint seeks damages against a prosecutor, who enjoys immunity against suit.  Generally, a prosecutor's actions in bringing a case are "intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  In *Imbler*, the Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Id.* at 431.  Prosecutorial immunity does not extend to certain investigatory or administrative acts.  *Id.* at 431 n. 33.  These functions "do not relate to an advocate's preparation for the initiation of a prosecution or judicial proceedings," and therefore "are not entitled to absolute immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citing *Burns*, 500 U.S. at 494–96).  However, the record here makes clear that the acts about which Ms. Gustavson claims are intimately bound up with the prosecutor's actions in the case against her.

## II.    Abstention

*Second*, the municipal court docket shows that the proceedings there against Ms. Gustavson are continuing.  A federal court cannot interfere with pending State

4

court proceedings involving important State interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Where a person is the target of an ongoing State action involving important State matters, she cannot interfere with the pending State action by maintaining a parallel federal suit involving claims that could have been raised in the State case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir.1988). In such cases, *Younger* abstention requires the federal court to defer to the State proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate if: (1) State proceedings are on-going; (2) the State proceedings implicate important State interests; and (3) the State proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the State court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present here. Proceedings in municipal court against Ms. Gustavson are ongoing. Second, contrary to Ms. Gustavson's mistaken belief, matters involving regulation of traffic, registration of vehicles, and issuing drivers licenses are matters are of paramount State (not federal) interest. Finally, Plaintiff has the opportunity to challenge the jurisdiction of the municipal court in that proceeding. Indeed, she already has. (ECF No. 1-3, PageID #10.) To the extent she uses this federal lawsuit to challenge the conduct of

the prosecutor, she has the opportunity to do so in that proceeding as well. Accordingly, the Court assumes that State procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.  Additionally, and in any event, any claim on federal law must await the resolution of that proceeding in municipal court.

## III.    Frivolous Claims

*Third*, Ms. Gustavson's reliance on sovereign citizen beliefs makes her federal lawsuit frivolous.  They rely on made-up concepts that do not have any weight in the governance of human affairs in our country, let alone in actual litigation.  Such arguments are meritless and based on fundamentally mistaken beliefs about history and law. Plaintiff is entitled to believe whatever she likes. But the Court is not obligated to accept those ideas, let alone entertain them.  *See generally United States v. Thomas*, 769 F. Supp. 3d 739 (N.D. Ohio 2025).

## CONCLUSION

For all these reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** this action under 28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision may not be taken in good faith.

**SO ORDERED.**

Dated:  April 15, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio